IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–01294–MDB

PAUL WILLIAM HILTON,

      Plaintiff,

v.

JOSE PINA, Sergeant of the Otero County Colorado Sheriff's Department, in his official and individual capacities,
      Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss. (["Motion"], Doc. No. 36.) Plaintiff responded and Defendant replied. (Doc. Nos. 40, 45.) Plaintiff filed an unauthorized sur-reply at Doc. No. 46, which the Court accepted as filed. (Doc. No. 47.) For the reasons set forth below, the Motion is **GRANTED**.

**SUMMARY FOR SELF-REPRESENTED PLAINTIFF**

The Court is dismissing your claims. Your Section 1983 claims based on the First and Fourteenth Amendment are not supported. Additionally, after careful review of the complaint, search warrant, and supporting affidavit, the Court concludes there was a substantial basis for the search warrant, which defeats your Fourth Amendment unreasonable search claim. Because you do not sufficiently allege any constitutional violations, your official capacity claims also fail. Moreover, while the Court acknowledges that you attempted to amend your complaint, none of

your proposed amendments would have salvaged your current claims. To the extent you want to bring new claims against new defendants, you can do so in a separate lawsuit. This is only a high-level summary of the Court's decision, which is set forth in full below.

## STATEMENT OF THE CASE

On May 29, 2024, Plaintiff Paul William Hilton ("Plaintiff" or "Mr. Hilton") was pulled over by Rocky Ford Police for questioning. (Doc. No. 15-1 at 3.) After voluntarily speaking with Otero County Sheriff's Sergeant Jose Pina ("Defendant" or "Sgt. Pina"), Mr. Hilton was arrested without a warrant. (*Id.* at 4.) Mr. Hilton was later charged with second-degree kidnapping, first-degree assault, false imprisonment, and driving with a revoked license. (*Id.*)

The charges were based on an alleged conflict between Mr. Hilton and his girlfriend, Rosa Jiminez, on May 29, 2024. (*Id.* at 8.) According to Sgt. Pina's arrest report, Plaintiff drove Ms. Jiminez from Rocky Ford, Colorado, to Pueblo, Colorado against her will, then pushed her out of his car while the two were passing through Manzanola, Colorado. (*Id.*) But according to Plaintiff, Ms. Jiminez voluntarily jumped out of the vehicle in Manzanola, as witnessed by Candice Smith and her two children, who were in the car at the time. (*Id.*) Mr. Hilton contends that Defendant knowingly fabricated statements in the arrest report for the purpose of creating probable cause to prosecute Plaintiff. (*Id.* at 8-9.)

A few days later, on June 1, 2024 (after Mr. Hilton had been arrested and while he was still incarcerated), Sgt. Pina executed a warrant for the search of Mr. Hilton's home. (*Id.* at 4.) In support of the search warrant, Sgt. Pina offered an affidavit containing Ms. Jiminez's allegations that Plaintiff drove to Pueblo to purchase methamphetamines, and that he stored methamphetamines in his car and home. (*Id.*)

2

Mr. Hilton was released on bond on June 3, 2024. (*Id.* at 3.) The charges that led to his May 2024 arrest were eventually dismissed in January 2025. (*Id.* at 6.)

Mr. Hilton is African American and contends the search of his home was due to racial discrimination. (*See generally id.*; Doc. No. 46 at 3.) Mr. Hilton further alleges that on the day of his arrest, Sgt. Pina stated to the local news that Mr. Hilton had kidnapped and harmed Ms. Jiminez, that Mr. Hilton's home was under investigation for drug activity, and that a "suspicious package" had been found in the home. (Doc. No. 15-1 at 6.)

Mr. Hilton claims his business and reputation have suffered because of the search and news statements. (*Id.*) He seeks injunctive relief and money damages under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments,[1] as well as for defamation, which he purports to bring under Section 1983 and pursuant to the First Amendment.[2] (*Id.* at 12.)

Defendant moves to dismiss all claims with prejudice. (Doc. No. 36 at 1.)

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

---

[1] Mr. Hilton originally named both Sgt. Pina and Otero County Assistant District Attorney James Bachlet as defendants, and the operative complaint includes allegations against both individuals. (*See* Doc. No. 15-1.) However, because Defendant Bachlet was dismissed on September 18, 2025, (*see* Doc. No. 20), the Court considers only the claims against Sgt. Pina.

[2] This claim is somewhat unclear because Mr. Hilton brings it under Section 1983, references the First Amendment in the claim title, but calls it defamation.

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All that is required is plausibility, not probability. Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pled facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Indeed, a well-pled complaint can survive a motion to dismiss even if "recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555 (quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

That said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Ultimately, the Court evaluates

"whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II.    Self-Represented Plaintiff

Because Plaintiff is proceeding without an attorney, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, Plaintiff's self-representation does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). A self-represented litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. Nor may a court assume that a plaintiff can prove facts or theories not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## ANALYSIS

Plaintiff sues Defendant in his individual and official capacities for money damages and injunctive relief under Section 1983. The Court will address the individual capacity claims first, then the official capacity claims.

## I.    Individual Capacity Claims

5

To state a claim under Section 1983, whether for money damages or injunctive relief, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Cook v. Baca*, 512 F. App'x 810, 822 (10th Cir. 2013) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)); 42 U.S.C. § 1983. Defendant does not dispute that he acted under color of state law at all times relevant to Plaintiff's claims. However, he argues that Plaintiff does not plausibly state any constitutional violation.

Plaintiff's claims center on three alleged misdeeds: Defendant's false statements in the arrest report, the search of Plaintiff's home, and the statements Defendant made to local news reporters. The Court addresses each.

### A.  The Statements in the Arrest Report

Plaintiff alleges that Defendant "falsified" an arrest report to create probable cause for Plaintiff's confinement and prosecution. (Doc. No. 15-1 at 8-12.) Plaintiff calls this "false reporting" and "malicious prosecution." (*Id.* at 7.) He brings a Section 1983 claim for violation of his Fourteenth Amendment rights.[3] Specifically, Plaintiff claims Defendant deprived him of

---

[3] Though malicious prosecution claims are typically brought pursuant to the Fourth Amendment, Plaintiff does not allege a violation of his Fourth Amendment rights in connection with this claim, nor does he allege malicious prosecution under state tort law. (*See generally* Doc. No. 15-1; Doc. No. 40); *see generally Taylor v. Meacham*, 82 F.3d 1556, 1560-61 (10th Cir. 1996) (in the Section 1983 context, malicious prosecution generally implicates the Fourth Amendment); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (describing Fourth Amendment claims available to plaintiffs for wrongful arrest and malicious prosecution). The Court cannot serve as Plaintiff's advocate and will consider the claim as it is presented by Plaintiff—pursuant to the Fourteenth Amendment. (*See id.* at 7-8 (framing this claim as a Fourteenth Amendment deprivation).)

his equal protection and due process rights by making false statements in the arrest report. (Doc. No. 15-1 at 7-8.)

Plaintiff fails to state a viable equal protection claim. Section 1983 claims alleging violations of the Equal Protection Clause require a showing of both discriminatory effect and discriminatory purpose. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1166-69 (10th Cir. 2003). To prove discriminatory effect, Plaintiff must show that a "similarly situated individual" of another race was treated differently, or he must introduce statistical evidence of differential treatment due to race. *Est. of Israel by & through Russell v. City & Cnty. of Denver, Colorado*, 643 F. Supp. 3d 1221, 1239 (D. Colo. 2022). Because Plaintiff does not sufficiently allege either in connection with the alleged false statements, his attempt to state an equal protection claim fails.

Turning to Plaintiff's due process theory, the U.S. Supreme Court has barred Section 1983 malicious prosecution claims alleging violations of substantive due process. *Albright v. Oliver*, 510 U.S. 266 (1994) (in the Section 1983 context, pretrial deprivations of liberty are governed by the Fourth Amendment and cannot support a substantive due process claim); *Taylor*, 82 F.3d at 1560-62 ("Following *Albright*, in the § 1983 malicious prosecution context . . . substantive due process standards" do not apply). Thus, Plaintiff may only proceed under a procedural due process theory.

In the Tenth Circuit, plaintiffs may advance a Fourteenth Amendment malicious prosecution claim for a violation of procedural due process only "where an adequate state remedy does not exist." *Myers v. Koopman*, 738 F.3d 1190, 1194 n.3 (10th Cir. 2013). When malicious prosecution causes a procedural due process injury in the form of "reputational,

7

emotional, [or] financial harm", the appropriate remedy is a "post-deprivation hearing in which

the injured party may vindicate these interests." *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir.

2007) (citing *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981), *overruled on other grounds by*

*Daniels v. Williams*, 474 U.S. 327 (1986)). "If a state actor's harmful conduct is unauthorized

and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—

such as a state tort claim—will satisfy due process requirements." *Myers*, 738 F.3d at 1193

(citing *Becker*, 494 F.3d at 921).

Here, Plaintiff alleges that Defendant's false statements served as the basis for Plaintiff's

confinement and prosecution without probable cause, injuring Plaintiff's reputation, finances,

and emotional well-being. (Doc. No. 15-1 at 7-8, 12-13.) This claim is based on Sgt. Pina's

alleged fabrication of probable cause, which, for purposes of a procedural due process claim,

could not have been anticipated or prevented. *See Myers*, 738 F.3d at 1192-93 (a police officer's

fabrication of probable cause for arrest and prosecution was "lawless" behavior which "could not

have been anticipated or prevented before the [procedural due process] deprivation occurred")).

Under these circumstances, Plaintiff's alleged injuries are properly remedied by state law. *Id.*

(Colorado tort claim for malicious prosecution was adequate remedy); *see also Becker*, 494 F.3d

at 920 (reputational damage resulting in tangible injury implicating procedural due process

should be remedied through state law). Because Colorado provides a sufficient remedy in the

form of a tort claim for malicious prosecution, Plaintiff's Fourteenth Amendment procedural due

process claim is not cognizable, and the Section 1983 claims for a false arrest report fail.[4]

---

[4] When a malicious prosecution claim is brought under Section 1983, "the ultimate question is
whether plaintiff has proven the deprivation of a constitutional right." *Novitsky v. City of Aurora*,
491 F.3d 1244, 1257 (10th Cir. 2007). Here, Plaintiff elected to pursue his malicious prosecution

**B. The Search of Plaintiff's Home**

Next, Plaintiff brings a Fourth Amendment claim based on the search of his home. He argues first that the search lacked probable cause, and second that the search exceeded the scope of the warrant. (Doc. No. 15-1 at 4-5.) The Court addresses each argument in turn.

1.  Probable Cause for Search

In the Section 1983 context, where the alleged Fourth Amendment violation involves a search or seizure pursuant to a judicial warrant, "'the fact that a neutral magistrate has issued a warrant is the clearest indication'" of reasonable police conduct. *Santistevan v. City of Colorado Springs*, 983 F. Supp. 2d 1295, 1312 (D. Colo. 2013) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)). "Once a judge has decided that probable cause exists, the reviewing court's assessment is limited to determining whether the affidavit provided a 'substantial basis' for reaching this conclusion." *Id.* (citing *United States v. Biglow*, 562 F.3d 1272, 1281 (10th Cir. 2009)). In general, a police affidavit establishes probable cause if the "totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Wagner*, 951 F.3d 1232, 1246 (10th Cir. 2020). Additionally, certain conclusions drawn by the judge—for example, the conclusion that certain items will be found in a specific location—are "practical, nontechnical conception[s]" that need not be based on "direct, first-hand, or 'hard' evidence." *United States v. Tisdale*, 248 F.3d 964, 971 (10th Cir. 2001).

---

claim under the Fourteenth Amendment, alleging he was targeted based on his race. As constructed, the claim fails. While the Court construes Plaintiff's pleadings liberally, it cannot serve as his advocate and construct entirely new claims under distinct bodies of law. *See Hall*, 935 F.2d at 1110 (it is improper for a district court to "assume the role of advocate" for unrepresented parties).

Here, Plaintiff claims the search warrant was invalid because it was based on unreliable or insufficient information. (Doc. No. 15-1 at 8; Doc. No. 40 at 1.) The warrant was signed by Otero County Court Judge Jeremy Boyce, and it incorporated Sgt. Pina's affidavit by reference. (Doc. No. 36-1 at 2-3.) The Court's task is to determine whether the affidavit offered a substantial basis for Judge Boyce's probable cause finding.

According to the affidavit,[5] Ms. Jiminez told Sgt. Pina that Plaintiff stored about 1 ounce of methamphetamines in vials, which he mixed with wax and stored in sealed jars in his kitchen before using the wax mixture in vape pens. (*Id.* at 3.) She alleged seeing these items, along with scales, in Plaintiff's home on the two days immediately preceding the search. (*Id.*) This description is specific with respect to the amount and type of drugs, the ways in which they were stored, and the timing of the witness's personal observations. Based on those statements, Judge Boyce reasonably authorized a search of Plaintiff's home for "methamphetamines, wax, vape pens, scales," closed containers, and controlled substances. (*Id.* at 4 ("Attachment B")); *see Biglow*, 562 F.3d at 1280 (judge may rely on the "practical considerations of everyday life" when making inferences about the location of evidence).[6]

---

[5] The search warrant and affidavit are attached to the Motion. (Doc. No. 36-1.) On a motion to dismiss, the court may review documents referenced in the complaint when those documents are "central" to a plaintiff's claim, and when there is no dispute as to the authenticity of the document. *SELCO Cmty. Credit Union v. Noodles & Co.*, 267 F. Supp. 3d 1288, 1293 n.2 (D. Colo. 2017). The Court reviews the search warrant and affidavit filed by Defendant because both parties reference the documents extensively, they are undeniably central to Plaintiff's claim, and though Plaintiff challenges the veracity of their contents, he does not challenge the authenticity of the documents themselves. (Doc. No. 36-1; *see* Doc. Nos. 40, 46.)

[6] Plaintiff also argues the warrant should not have been issued as a no-knock warrant. (Doc. No. 15-1 at 4-5.) This argument is misplaced, as the search warrant *is not* a no-knock warrant. (Doc. No. 36-1.) Moreover, to the extent Plaintiff's allegations can be construed as taking issue with a no-knock *entry*, rather than a no-knock *warrant*, the allegations are conclusory and insufficient to state a claim. (*See* Doc. No. 15-1 at 4-6.) In any event, based on Plaintiff's own allegations, it

2. Scope of Search

Even where a valid warrant exists, law enforcement may run afoul of the Fourth Amendment if the search is unreasonable in scope or execution. *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir. 1997) ("when executing a search warrant, an officer is limited to conduct that is reasonably necessary to effectuate the warrant's purpose"). A search is unreasonable if it causes "excessive or unnecessary destruction of property." *United States v. Ramirez*, 523 U.S. 65, 71 (1998). In this vein, Plaintiff argues that the search was unconstitutional because it "totally destroyed" the state-approved indoor medical marijuana garden inside his home. (Doc. No. 40 at 2.)[7]

Notwithstanding Colorado's medical marijuana constitutional amendment, marijuana remains "contraband *per se* under federal law," which means Plaintiff "lack[s] a cognizable property interest in its cultivation under Section 1983." *Casias v. City of Pueblo*, 2021 WL 5558863, at *7 (D. Colo. Aug. 27, 2021), *R. & R. adopted*, 2021 WL 4520959 (D. Colo. Oct. 4, 2021); *see* 21 U.S.C. § 881(a)(8) (identifying marijuana as a controlled substance). In other

---

appears that knocking would have been futile because Plaintiff was incarcerated at the time. (*Id.* at 5 ("I was not informed before or after the search of my home. I was in Bent County Jail."); *see generally Richards v. Wisconsin*, 520 U.S. 385, 394 (1997) (stating that no-knock entries are justified when a police officer has "a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile…").

[7] Plaintiff also claims Defendant should have personally served the warrant before the search. But the Fourth Amendment does not "require[] the executing officer to serve the warrant on the owner before commencing the search." *United States v. Katoa*, 379 F.3d 1203, 1205 (10th Cir. 2004); Fed. R. Crim. P. 41(f)(1)(C) (an officer executing a warrant must either serve warrant and receipt personally or leave a copy at the place where property was taken). Here, Plaintiff found the affidavit and search warrant in his home upon his return. (Doc. No. 46 at 2.)

Plaintiff further claims that Defendant pursued the search warrant based on Plaintiff's race, in violation of equal protection. (Doc. No. 15-1 at 4, 7-8.) For the same reasons Plaintiff's equal protection claim fails in the context of the arrest report, (*see supra* at 7), it fails here.

11

words, Plaintiff may not recover under Section 1983 for the alleged destruction of homegrown marijuana or for the subsequent losses to his business, because such destruction does not impair a federal right. *See Young v. Larimer Cnty. Sheriff's Off.*, 356 P.3d 939, 943 (Colo. App. 2014) (affirming dismissal of Section 1983 claim alleging destruction of medical marijuana plants because marijuana is federally criminalized); *River North Props., LLC v. City & Cnty. of Denver*, 2014 WL 7437048, at *2 (D. Colo. Dec. 30, 2014) (dismissing Section 1983 claim alleging lost benefits of marijuana cultivation lease agreement for failure to state a federally protected right).

### C.  The Media Statements

Finally, Plaintiff brings a Section 1983 claim for, what he calls, defamation.

Defamation is a state law tort and is not actionable under Section 1983 without a corresponding constitutional deprivation. *Siegert v. Gilley*, 500 U.S. 226, 228 (1991) (defamation claim alone, without evidence of lost liberty interest, insufficient to show Fourteenth Amendment violation); *Angel v. Torrance Cnty. Sheriff's Dep't*, 183 F. App'x 707, 708 (10th Cir. 2006) (defamation alone did not amount to actionable Fourth Amendment violation).

Here, Plaintiff references the First Amendment in the claim title but does little more than make vague and conclusory statements about the First Amendment. (*See* Doc. No. 15-1 at 5-6 (saying there are "First Amendment constitutional restrictions to the tort of defamation").) In any event, while defamation claims may be *restricted* by the First Amendment (*see New York Times v. Sullivan*, 376 U.S. 254 (1964)), they do not give rise to a First Amendment violation. Said another way, *Sullivan* does not "convert an alleged defamatory false statement by a public official, without more, into a constitutional injury." *Meadows at Buena Vista, Inc. v. Arkansas*

*Valley Publ. Co.*, 2012 WL 502688, at \*5 n.9 (D. Colo. Feb. 15, 2012). Thus, Plaintiff's allegations do not give rise to a Section 1983 claim pursuant to the First Amendment.[8]

## II.    Official Capacity Claims

Defendant argues Plaintiff's official capacity claims must be dismissed because Plaintiff failed to articulate a constitutional violation. The Court agrees.

"[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Moore v. City of Wynnewood*, 57 F.3d 924, 929 n.4 (10th Cir. 1995). However, once the court concludes that the individual committed no constitutional violation, the claim against the entity is properly dismissed. *Taylor*, 82 F.3d at 1564; *see Webber v. Mefford*, 43 F.3d 1340, 1344-45 (10th Cir. 1994) ("A claim of inadequate training, supervision, and policies under § 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised."). Because Plaintiff failed to sufficiently allege a constitutional violation against Sgt. Pina, the official capacity claims must be dismissed.

## III.    Plaintiff's Proposed Amendments

Plaintiff has made several recent attempts to amend his pleadings. (Doc. Nos. 48, 51, 54, 56.) But none of those attempts appear to cure the deficiencies identified in this Order. Instead, Plaintiff's proposed amendments contemplate new claims against new defendants arising from entirely different incidents. Specifically, Plaintiff appears to seek relief in connection with two recent arrests by officers that are not named in this suit. (Doc. Nos. 48, 54; *see also* Doc. No. 57-

---

[8] To the extent Plaintiff attempts to assert a state law claim for defamation, the allegations are sparse, vague, conclusory, and insufficient to state a viable claim.

1 (third proposed amended complaint).) Because the proposed amendments are at best

tangentially related to this suit, those claims "belong in [a] different suit." *See Griffin v.*

*Colorado*, 2023 WL 11879538, at *2 (D. Colo. Aug. 28, 2023), *R. & R.* adopted *sub nom. Griffin*

*v. State of Colorado*, 2023 WL 11879539 (D. Colo. Nov. 17, 2023) (internal citation omitted).

Thus, Plaintiff will not be permitted to amend his complaint to add new claims based on entirely

new incidents against new defendants.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss, Doc.

No. 36, is **GRANTED**.

1. Plaintiff's Section 1983 claims alleging a violation of his First and Fourteenth

   Amendment rights, as well as unreasonable search under the Fourth Amendment, are

   **DISMISSED WITH PREJUDICE.**[9]

---

[9] Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is generally without prejudice. *Bereznak v. Arrow Elecs.*, Inc., 2024 WL 4268588, at *10 (D. Colo. Aug. 12, 2024), *R. & R. adopted*, 2024 WL 4267882 (D. Colo. Sept. 20, 2024), *aff'd*, 2025 WL 2462657 (10th Cir. Aug. 27, 2025). However, dismissal with prejudice is appropriate if "a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Futility may exist where a plaintiff asserts a claim under the incorrect legal standard. *See Shash v. City of Pueblo*, 770 F. Supp. 3d 1279, 1295 (D. Colo. 2025) (dismissing Fourteenth Amendment wrongful arrest claim with prejudice because Fourth Amendment provided applicable legal standard). Here, granting Plaintiff leave to amend his First and Fourteenth Amendment claims would be futile because they appear to be based on a misunderstanding of the applicable law, and the Court cannot conceive of a way in which Plaintiff's allegations, taken as true and drawing all inferences in his favor, would amount to a violation of either Amendment. Likewise, granting leave to amend the Fourth Amendment unreasonable search claim, where the Court has already found a substantial basis for the search warrant, would be futile. However, the Court is not addressing any claim for malicious prosecution that Plaintiff could have attempted to bring under the Fourth Amendment or under state law, nor is this Order intended to foreclose any new claim against new defendants not addressed here.

2.   The Clerk of Court is directed to close this case.

Dated this 9th day of July, 2026.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge